Morris E. Spector, J.
The defendants move for multiple relief pursuant to rule 106 (subd. 4), rule 107 (subd. 5) and rule 102 of the Rules of Civil Practice. Two derivative causes are stated, one seeking the recovery of damages on behalf of the corporation resulting from alleged wrongs done to it by the individual defendants, and the second cause is based upon secondary fraud practiced to get by the statutory time limita *452 tion and to prevent intervention for the avoidance or mitigation of loss to the corporation.
It is alleged in the complaint that the subject corporation was at all times a concern engaged in the business of manufacturing and selling men’s clothing. With respect to the first cause of action, the primary objection is directed to paragraph 15 thereof and its subdivisions, which set forth the gravamen of this part of the first cause and to which the motion pursuant to subdivision 4 of rule 106 is directed. This portion of the pleading, it is contended, does not set forth facts sufficient to constitute a cause of action and, if they are separable, they may be excised from the pleading (Myer v. Myer, 271 App. Div. 465, affd. 296 N. Y. 979). The preamble of paragraph 15 is indeed conclusory, but it is introductory only. It is alleged in subdivision (A) thereof that customers furnished raw materials to the corporation which provided trimmings and manufactured finished garments upon a cut, make and trim basis. The individual defendants caused the corporation to purchase and retain piece goods in excess of $500,000 and more than twice the inventory carried by the corporation in preceding years and far in excess of its need for piece goods inventory to satisfy its customers’ trade and that such purchase was for the purpose of speculation, thereby risking the assets of the corporation. The speculation was unsuccessful, resulting in great loss and damage to the corporation, by reason of which its working capital was impaired. The foregoing statements are factual and are not conclusory and are sufficient to constitute a grievance of wrongdoing in breach of fiduciary duty. The statement of purchase of merchandise of a quantity more than twice the quantity theretofore carried in excess of the company’s need and for the purpose of speculation is sufficient to survive the application of the business judgment rule and to require investigation. The motion pursuant to subdivision 4 of rule 106 directed to this portion of the complaint is denied.
Since in the statement of this grievance it is alleged that the wrongful conduct commenced in the fiscal year ending October 31, 1951, to the extent the matters contained in subdivisions (A) (1) through (A) (6) of paragraph 15 pertain to the period prior to May 24, 1952, they are stricken out and dismissed pursuant to subdivision 5 of rule 107.
In subdivisions (B) (1) through (B) (3) of paragraph 15, it is alleged that from 1946 through 1950 the corporation owned and held stated dollar quantities of inventory, as shown on its books and reports. Commencing in 1946, pursuant to plan, the defendant, Nathan R Finkelstein, with the connivance and *453 assistance of the other individual defendants, by means unknown to plaintiffs, appropriated and converted assets of the corporation and thereby unjustly enriched himself and had and received assets in kind and in money in excess of a stated sum. The statements contained in this portion of the complaint constitute a sufficient cause to recover a sum of money had and received. The allegations contained in subdivision (B) (3) are only tenuously related to the allegations of subdivision (B) (1), but together they are sufficient to require investigation. The application directed to this portion of the complaint pursuant to subdivision 4 of rule 106 is denied. The application made pursuant to subdivision 5 of rule 107 is denied, since it does not clearly appear that the three-year Statute of Limitation is applicable and it may be pleaded in the answer.
In subdivision (C) of paragraph 15, it is alleged that large sums of money were stolen, squandered, dissipated or wasted. The statement is both indefinite and conclusory. The defendants are entitled to know whether they are charged with theft or waste. The additional allegations that the claimed loss to the corporation resulted from failure to give careful and proper supervision to the conduct of the affairs of the corporation at its factory are conclusory and a non sequitur in relation to the remaining allegations that one of the defendants attended at the factory only at the time of the annual meeting of the stockholders and that another of the defendants had never visited the factory. The allegations in this subdivision of the complaint were contained in the first amended complaint and were dismissed because they were indefinite. (2 A D 2d 669.) The motion directed to this portion of the complaint pursuant to subdivision 4 of rule 106 is granted and subdivision (C) of paragraph 15 is dismissed.
In subdivision (D) of paragraph 15, it is alleged that the affairs and business of the corporation in its customer relations were so mismanaged by the neglect and harassment of its customers as to cause the corporation in the years 1951 through 1954 to lose its customers, of whom two are named as the principal customers of the corporation, to whom the sales aggregated a stated sum in the fiscal year ended October 31, 1954, a sum approximately 80% of the total net sales of the corporation. This portion of the complaint is sufficient. Further details of the harassment of customers and the mismanagement of customer relations would be evidentiary. The motion directed to this portion of the complaint, pursuant to subdivision 4 of rule 106, is denied.
*454 All matters contained in subdivision (D) of paragraph 15, which are alleged to have occurred prior to May 24, 1952, are stricken out and the application directed to this portion of the complaint pursuant to subdivision 5 of rule 107 is granted.
In the light of the foregoing dispositions, the remaining objections directed to the first cause of action need not be considered.
In the second cause of action, it is alleged that the defendants failed to perform the duties imposed upon them as directors and officers of the corporation. The charges contained in the first cause of action are repeated and it is alleged in addition that defendants made and published false statements of the financial condition, assets, affairs, business earnings, and transactions of the corporation during the years 1946 through 1954; that by the maintenance of inaccurate and false financial records and the rendition of false financial reports and statements and by failure to keep adequate records, the corporation was caused to suffer substantial undisclosed liabilities for United States income taxes and New York State franchise taxes, together with interest thereon and penalties; that defendants suffered large amounts of assets and property of the corporation to be dissipated, squandered, stolen, wasted or lost and thereby caused the corporation to suffer a complete loss of its earned surplus, which as of October 31, 1951 was approximately $500,000, its capital in the amount of approximately $200,000 and at least $800,000 in assets of the corporation which on October 31, 1951 amounted to approximately $1,250,000, and its good will which was of the value in excess of $500,000. It is further alleged that the foregoing acts were done with the intent to conceal the wrongdoing from the corporation and the plaintiffs and other stockholders and to prevent timely action to obtain a remedy, redress or relief on behalf of the corporation and thereby to retain control and domination and the absolute control and use of the assets of the corporation and to continue the wrongful acts of misappropriation, waste, conversion, dissipation and diversion without remedy or relief. In addition, the foregoing was done in violation of the fiduciary duty of the individual defendants and of stated statutes of the State of Virginia, which provide that if the directors or officers of the corporation willfully and fraudulently cause to be published or give out any statement or report of the condition or business of the corporation that is known to them to be false in any material respect, such officers and directors are jointly and severally liable for any loss or damage resulting to any *455 person or the corporation. The alleged violation of duty and of the statutes is then set forth in fourteen subdivisions of paragraph 23 of the complaint and that by means of the acts, omissions, false representations and concealments set forth in paragraph 23, the individual defendants deliberately and intentionally failed and refused to make disclosure of and concealed the wrongful acts of appropriation, speculation and otherwise and, for the purpose of concealment and to prevent timely action, the defendants willfully and fraudulently caused to be published or given out the statements or reports of the condition or business of the corporation which were knowingly false in material respects, in that the inventory and surplus were understated, the diversions and conversions were concealed, as well as the speculation, mismanagement of customer relations, improper supervision and conduct of the affairs, the inaccuracy and falsity of the financial records of the corporation, the incurring of interest and penalties in connection with United States income taxes and New York State franchise taxes.
The foregoing undoubtedly states a good cause for secondary fraud. The motion directed to the second cause of action, pursuant to subdivision 4 of rule 106, is denied.
The allegations of paragraphs 20 (A) (1) through 20 (A) (6) are the same as the allegations contained in paragraphs 15 (A) (1) through 15 (A) (6). The motion directed to this portion of the second cause of action is denied.
The allegations of paragraphs 20 (B) (1) through 20 (B) (3) are the same as the allegations contained in paragraphs 15 (B) (1) through 15 (B) (3) of the first cause of action. The motion directed to this portion of the second cause of action is denied.
Paragraph 20 (0) alleges that the defendants caused to be made and published false statements of financial condition, assets, affairs, business earnings and transactions of the corporation. While the allegations thereof are conclusory, nevertheless the subdivision is integrated with all of the other allegations of the second cause of action and may not be considered separately.
The allegations of paragraph 20 (D) are the same as the allegations of paragraph 15 (0). In the context of the first cause of action, paragraph 15 (O) thereof is separable and may be separately considered. Paragraph 20 (D), however, in the second cause of action is in an entirely different context and may not be separately considered. However, the defendants are entitled to know whether they are charged with theft *456 or waste and in that respect paragraph 20 (D) is indefinite. The application directed to paragraph 20 (D) pursuant to rule 102 is granted.
The allegations of paragraph 20 (E) relate to customer relations, those of paragraph 20 (F) relate to the incurring of liabilities with respect to interest and penalties and those of paragraph 20 (Gr) relate to the loss of earned surplus, capital, assets and goodwill. Paragraphs 20 (C) through 20 (Gr) may not be considered separately and they contribute essentially to the statement of the cause of action for secondary fraud. The fact that in paragraph 20 (F) basis is laid for the recovery of damage in a measure larger than that to which plaintiffs may be entitled is not ground for dismissal. The motion directed to these portions of the second cause of action pursuant to subdivision 4 of rule 106 is denied in all respects.
Paragraph 20 (Gr) is vulnerable pursuant to rule 102 for the same reason that the defendants are entitled to know whether they are to answer the charge of theft or waste. The motion directed to paragraph 20 (Gr) pursuant to rule 102 is granted.
The motion is granted accordingly as indicated, with respect to subdivision 1 of the notice of motion, as to paragraph 15 (C) only; with respect to subdivision 2, as to paragraphs 15 (A) (1) through 15 (A) (6) and 15 (D); with respect to subdivision 6, as to paragraph 20 (D) and 20 (G-), and the motion is in all other respects denied. If plaintiffs so desire, they may serve an amended complaint with respect to paragraphs 20 (D) and 20 (Gr) within 20 days from service of a copy of this order with notice of entry, otherwise those paragraphs are stricken out.